# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE GUNCKLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:10-cv-1651RLY |
| FMA ALLIANCE, LTD., | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, JULIE GUNCKLE ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, FMA ALLIANCE, LTD, alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Indiana, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person who resides in the Indianapolis, Marion County, Indiana.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the Houston, Texas.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Since in or around July 2010, Defendant is placing collection calls to Plaintiff on her home number asking for "Winifred."

9. Plaintiff has told Defendant to stop calling her on at least four occasions.

10. In or around August 2010, Plaintiff told Defendant that there was no "Winifred" at this number and Defendant hung up the phone.

11. In or around mid-September, Plaintiff spoke with Defendant's representatives on two separate occasions who informed Plaintiff it would take Plaintiff off the call system.

12. In or around late September, Plaintiff spoke with Defendant's representative who told her she must be "imagining" that Defendant told her it would remove her from its list.

13. In or around October 1, 2010, Plaintiff called and informed Defendant's representative, Darren James ("James") at extension 7024, that she continued to receive calls.

14. James informed Plaintiff that he would remove her from the call list.

15. On that same call, Plaintiff also informed Defendant's representative, Yolanda Ritstie ("Ritstie"), that she continued to receive calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff; and

   b) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass Plaintiff at the called number.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

18. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

19. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

_(signature)_

Harry Bradley
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JULIE GUNCKLE, hereby demands trial by jury in this action.

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF INDIANA)

Plaintiff, JULIE GUNCKLE, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JULIE GUNCKLE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/20/10

JULIE GUNCKLE,
Plaintiff

4